**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| FLOWCO PRODUCTIONS LLC, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No.: _____ |
| | ) | |
| v. | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| LIBERTY LIFT SOLUTIONS LLC, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Flowco Productions LLC ("Flowco"), by and through its undersigned counsel for its Complaint against Defendant Liberty Lift Solutions LLC ("Liberty Lift") hereby alleges as follows:

### NATURE OF ACTION

1. This is an action for infringement of United States Patent Nos. 9,957,785 (the "'785 Patent"), 9,915,133 (the "'133 Patent"), 11,105,189 (the "'189 Patent"), and 11,293,267 (the "'267 Patent") (collectively the "Patents-in-Suit") arising under the United States Patent Laws, Title 35, United States Code § 1 et seq., including 35 U.S.C. §§ 271 and 281.

### THE PARTIES

2. Flowco is a Texas limited liability company organized under the laws of the State of Texas with a place of business at 12514 Cutten Rd., Ste A, Houston, TX 77377.

3. On information and belief, Defendant Liberty Lift Solutions LLC is a Texas limited liability company with a regular and established place of business located at 16285 Park Ten Place #400, Houston, TX 77084.

1

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).

7. The Court has personal jurisdiction over Liberty Lift pursuant to the laws of the State of Texas, including Texas Civil Practice and Remedies Code § 17.042, because Liberty Lift is engaged in substantial and not isolated activity within the State of Texas.

8. Liberty Lift has and is engaged in business in this judicial District, including one or more of advertising and offering to sell its infringing Liberty Lift Dart and Diamond Plungers in this Judicial District, shipping said plungers directly or indirectly into or through Texas, and selling and/or participating in the sale of said plungers in this Judicial District.

9. Defendant directly and/or through its coordinated distribution network regularly places its Liberty Lift Dart and Diamond Plungers in the stream of commerce with the knowledge and/or understanding that such product will be sold and used in this Judicial District.

10. Defendant is subject to the general jurisdiction of this Court because it resides in this Judicial District and/or has regular and systematic contacts with this forum such that the exercise of jurisdiction over it will not offend the traditional notions of fair play and substantial justice.

11. This Court has personal jurisdiction over Defendant because Defendant has its principal place of business in Texas and/or has established minimum contacts with Texas that the

exercise of personal jurisdiction over Defendant will not offend the traditional notions of fair play and substantial justice.

12.     This Court has personal jurisdiction over Defendant because Defendant has performed acts of infringement of claims of the '785 Patent, '133 Patent, '189 Patent, and '267 Patent in this Judicial District and has a regular and established place of business in this District.

## FACTUAL BACKGROUND

13.     Flowco develops, markets, sells and supports cutting-edge plunger devices, including unibody plungers to meet the needs of the oil and gas industry.

14.     Flowco plungers are downhole free-acting pistons used in oil and gas wells to combat loading, maintain wellbore pressure, and maximize production. They act as a mechanical barrier between formation gas and produced liquids, lifting fluids to the surface and mitigating paraffin and scale build-up.

15.     Flowco's patented plungers have been used by the oil and gas industry for more than a decade.

16.     Defendant manufactures, distributes and/or imports Liberty Lift Dart Plungers and Diamond Plungers (the "Accused Products").

17.     Defendant offers for sale, sells, distributes, and uses the Accused Products in Texas.

18.     Liberty Lift Dart Plungers are identified and described by Defendant via the Internet including at: https://libertylift.com/products/plunger-lift/.

19.     On information and belief, Defendant sells the Accused Products throughout Texas and the United States.

**THE '785 PATENT**

20.     On May 1, 2018, the '785 Patent entitled "Unitary Body Bypass Plunger And Valve Cage" was duly and legally issued by the United States Patent and Trademark Office ("USPTO").

21.     A true and correct copy of the '785 Patent is attached as Exhibit A to this Complaint.

22.     Flowco is the exclusive license of the '785 Patent with all substantial rights thereto, including the right to assert all causes of action under said patent and the right to any remedies for infringement, including past damages and injunctive relief.

23.     Flowco practices the claimed invention of the '785 Patent.

24.     Flowco marks its products that are covered by the '785 Patent, including via its virtual marking website at: https://www.flowco-inc.com/products-services/plunger-lift.

25.     Defendant had constructive notice of the '785 Patent at least through Flowco's marketing and marking of its products.

26.     Defendant had actual knowledge of the '785 Patent and its infringement of the '785 Patent prior to the filing of this Complaint, and at least by September 5, 2024 when Flowco sent Defendant a cease and desist letter identifying the infringing plungers and its infringement of the '785 Patent.

27.     Claim 1 of the '785 Patent recites:

A bypass plunger, comprising:

a hollow plunger body and valve cage formed as one integrated piece having first and second ends, the valve cage for enclosing a dart valve and a split bobbin clutch assembly formed at the second end thereof and having first threads at the distal end thereof for receiving a retaining device for retaining the dart valve, a partition nut the partition nut adjustably spacing the dart valve and the split bobbin clutch assembly within the valve cage; wherein;

4

the dart valve having a valve head connected to a valve stem, the dart valve reciprocatingly disposed within the valve cage such that the valve head is oriented toward a valve seat formed within the hollow body; and

the retaining device having second threads formed on the outer surface of one end for threading the retaining device into the first threads of the valve case.

Exhibit A, 16:45-61.

28.     The '785 Patent has ten claims, independent claim 1 and dependent claims 2-10.

**THE '133 PATENT**

29.     On March 13, 2018, the '133 Patent entitled "Unibody Bypass Plunger With Centralized Helix and Crimple Feature" was duly and legally issued by the USPTO.

30.     A true and correct copy of the '133 Patent is attached as Exhibit B to this Complaint.

31.     Flowco is the exclusive license of the '133 Patent with all substantial rights thereto, including the right to assert all causes of action under said patent and the right to any remedies for infringement, including past damages and injunctive relief.

32.     Flowco practices the claimed invention of the '133 Patent.

33.     Flowco marks its products that are covered by the '133 Patent, including via its virtual marking website at: https://www.flowco-inc.com/products-services/plunger-lift.

34.     Defendant had constructive notice of the '133 Patent at least through Flowco's marketing and marking of its products.

35.     Defendant had actual knowledge of the '133 Patent and its infringement of the '133 Patent prior to the filing of this Complaint, and at least by September 5, 2024 when Flowco sent Defendant a cease and desist letter identifying the infringing plungers and its infringement of the '133 Patent.

36.     Claim 1 of the '133 Patent recites:

A bypass plunger, comprising:

5

a unitary hollow plunger body and valve cage formed in one integrated piece having first and second ends, the valve cage formed at the second end, and the valve cage having internal threads at the distal end thereof for receiving a retaining nut having external threads at one end thereof;

a poppet valve having a valve head connected to a downward-extending valve stem, the poppet valve reciprocatingly disposed within the valve cage such that the valve head is oriented toward a valve seat formed within the hollow plunger body;

a partition nut having external threads formed in the outer surface thereof and corresponding to the internal threads of the valve cage, wherein the partition nut is disposed on the valve stem within the valve cage for locating a clutch in position within the valve cage; wherein

the clutch is disposed within the valve cage and formed of a split bobbin having cylindrical bobbin halves secured around the valve stem by at least one garter spring surrounding the split bobbin; and

the retaining nut having external threads formed in the outer surface thereof and corresponding to the internal threads formed in the distal end of the valve cage to retain the poppet valve and the clutch within the valve cage.

Exhibit B, 16:41-67.

37.     The '133 Patent has sixteen claims, independent claim 1 and dependent claims 2-16.

## THE '189 PATENT

38.     On August 31, 2021, the '189 Patent entitled "Unibody Bypass Plunger And Valve Cage" was duly and legally issued by the USPTO.

39.     A true and correct copy of the '189 Patent is attached as Exhibit C to this Complaint.

40.     Flowco is the exclusive license of the '189 Patent with all substantial rights thereto, including the right to assert all causes of action under said patent and the right to any remedies for infringement, including past damages and injunctive relief.

41.     Flowco practices the claimed invention of the '189 Patent.

42.     Flowco marks its products that are covered by the '189 Patent, including via its virtual marking website at: https://www.flowco-inc.com/products-services/plunger-lift.

6

43.    Defendant had constructive notice of the '189 Patent at least through Flowco's marketing and marking of its products.

44.    Defendant had actual knowledge of the '189 Patent and its infringement of the '189 Patent prior to the filing of this Complaint, and at least by September 5, 2024 when Flowco sent Defendant a cease and desist letter identifying the infringing plungers and its infringement of the '189 Patent.

45.    Claim 1 of the '189 Patent recites:

A bypass plunger, comprising:

a one-piece, monolithic hollow plunger body extending from a first end to a second end and including a body portion, a fishing neck portion and a valve cage portion; the fishing neck portion forming the first end and the valve cage portion forming the second end of the monolithic hollow plunger body; and

a dart valve reciprocatingly disposed within the valve cage portion and having a valve head connected to a valve stem;

wherein the valve head includes a sealing face located on an end of the valve head that is opposite the valve stem;

and

wherein the sealing face is configured to seat against a valve seat of the valve cage portion.

Exhibit C, 16:32-47.

46.    The '189 Patent has twenty claims, independent claims 1 and 11 and dependent claims 2-10 and 12-20.

**THE '267 PATENT**

47.    On April 5, 2022, the '267 Patent entitled "Apparatuses And Methods For Scraping" was duly and legally issued by the USPTO.

48.    A true and correct copy of the '267 Patent is attached as Exhibit D to this Complaint.

49.    Flowco is the exclusive license of the '267 Patent with all substantial rights thereto, including the right to assert all causes of action under said patent and the right to any remedies for infringement, including past damages and injunctive relief.

50.    Flowco practices the claimed invention of the '267 Patent.

51.    Flowco marks its products that are covered by the '267 Patent, including via its virtual marking website at: https://www.flowco-inc.com/products-services/plunger-lift.

52.    Defendant had constructive notice of the '267 Patent at least through Flowco's marketing and marking of its products.

53.    On information and belief, Defendant had actual knowledge of the '267 Patent and its infringement thereof prior to the filing of this Complaint.

54.    Claim 1 of the '267 Patent recites:

A plunger lift apparatus, comprising:

a plunger having a body with an outer surface;
at least one sealing feature on the body comprising a plurality of seals alternating with a plurality of recesses; and

at least one scraping feature formed integrally with the outer surface and disposed along a length of the body, wherein each scraping feature includes a plurality of ridges and a plurality of grooves between the ridges, wherein the ridges are configured to scrape material from an inner surface of a tubular body, wherein each ridge includes leading and trailing edges, wherein at least a portion of each of the leading and trailing edges of the ridges forms at least one of an acute or an obtuse angle with respect to bottom surfaces of the adjacent grooves and wherein a maximum height of a first ridge in a radial direction of the body is different from a maximum height of a second adjacent ridge in the radial direction.

8

Exhibit D, 7:27-45.

55.    The '267 Patent has twenty-two claims, independent claims 1 and 12 and dependent claims 2-11 and 13-22.

### LIBERTY LIFT'S INFRINGING PRODUCTS

56.    Upon information and belief, Defendant has made, used, offered for sale, sold and/or imported products that infringe one or more claims of the Patents-in-Suit, including at least the Accused Products.

57.    Defendant advertises and markets the Accused Products for use in artificial lift operations in oil and gas wells. Upon information and belief, the Accused Products incorporate features and functionality that practice one or more limitations of the claims of the Patents-in-Suit.

58.    Liberty Lift advertises and promotes the Accused Products through its website, catalogs, technical literature, and other publicly available marketing materials.

59.    Defendant's acts of making, using, offering for sale, selling, and/or importing the Accused Products constitute infringement of one or more claims of the Patents-in-Suit under 35 U.S.C. § 271.

60.    The Dart Plunger comprises a unitary body construction and includes features intended to improve durability, sealing performance, and operational efficiency in comparison to conventional plunger designs.

61.    The Dart Plunger incorporates a central flow path extending through the body of the plunger and further includes one or more bypass openings configured to permit fluid through the plunger during at least a portion of its operation.

62.    The Dart Plunger further includes valve components positioned within the central flow path and configured to selectively permit and restrict fluid flow through the plunger body.

9

63.     The Dart Plunger further includes internal structures configured to support and retain valve components and to provide a sealing arrangement during operation within the production tubing.

64.     Liberty Lift markets the Dart Plunger in multiple sizes and configurations and represents that the product is designed to provide durability and performance under repeated operating cycles.

65.     Images and descriptions of the Dart Plunger have been published by Liberty Lift in product catalogs, brochures, and website materials and accurately depict the structure and operation of the Dart Plunger.

66.     Flowco has obtained and analyzed at least one sample of the Dart Plunger.

67.     The Dart Plunger embodies features and functionality that satisfy each and every limitation of one or more claims of the '785, '133, and '189 Patents, either literally or under the doctrine of equivalents.

68.     The Liberty Lift Diamond Plunger comprises a unitary body construction and includes features intended to improve durability, sealing performance, and operational efficiency in comparison to conventional plunger designs.

69.     The Diamond Plunger incorporates a central flow path extending through the body of the plunger and further includes a moveable valve in the form of a ball.

70.     The Diamond Plunger further includes sealing features on the exterior of the plunger body comprising a plurality of seals and recesses.

71.     The Diamond Plunger further includes a plurality of scraping features formed by grooves in the sealing features where the grooves are arranged in a diamond pattern. This creates a series of ridges including leading and trailing edges where those edges form one of an acute or

10

obtuse angle with respect to the bottom surface of adjacent grooves. Further, at least one or more ridges are at a lower radial height than a second ridge.

72.    Liberty Lift markets the Diamond Plunger in multiple sizes and configurations and represents that the product is designed to provide durability and performance under repeated operating cycles.

73.    Flowco has obtained and analyzed images of at least two Diamond Plungers.

74.    The Diamond Plunger embodies features and functionality that satisfy each and every limitation of one or more claims of the '267 Patent, either literally or under the doctrine of equivalents.

**COUNT ONE: INFRINGEMENT OF THE '785 PATENT**

75.    Flowco restates and realleges the foregoing allegations as if fully stated herein.

76.    In violation of 35 U.S.C. § 271(a), Liberty Lift directly and continues to directly infringe, both literally and under the doctrine of equivalents, the '785 Patent by making, using, offering for sale, selling, and/or importing at least the following Dart Plunger and therefore infringes the subject matter in one or more claims of claims 1-10 of the '785 Patent within this Judicial District without authority from Flowco.

77.    In violation of 35 U.S.C. § 271(b) and (c) Liberty Lift has indirectly infringed and continue to indirectly infringe one or more of claims 1-10 of the '785 Patent within this Judicial District without authority from Flowco by actively inducing direct infringement with knowledge of the '785 Patent and/or by contributing to the direct infringement of such patent.

78.    The infringement of the '785 Patent by Liberty Lift has been, and continues to be, deliberate, willful, and knowing.

11

79.    Flowco has been, and continues to be, damaged and irreparably harmed by Liberty Lift's infringement of the '785 Patent, which will continue unless the Court enjoins that infringement and for which there are no adequate remedies at law.

80.    Under 35 U.S.C. § 284, Flowco is entitled to recover damages adequate to compensate for Liberty Lift's infringement of the '785 Patent as well as treble damages for Liberty Lift's willful infringement.

81.    The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Flowco to recover its attorneys' fees for Liberty Lift's infringement of the '785 Patent.

82.    Pursuant to 35 U.S.C. § 287, Flowco's marking of its plunger products with notice of the '785 Patent constitutes constructive notice of the '785 Patent. Flowco's notice letters and pre-suit communications constitute actual notice to Liberty Lift of its infringement of the '785 Patent by at least September 5, 2024.

### COUNT TWO: INFRINGEMENT OF THE '133 PATENT

83.    Flowco restates and realleges the foregoing allegations as if fully stated herein.

84.    In violation of 35 U.S.C. § 271(a), Liberty Lift directly and continues to directly infringe, both literally and under the doctrine of equivalents, the '133 Patent by making, using, offering for sale, selling, and/or importing at least the following Dart Plunger and therefore infringes the subject matter in one or more claims of claims 1-16 of the '133 Patent within this Judicial District without authority from Flowco.

85.    In violation of 35 U.S.C. § 271(b) and (c) Liberty Lift has indirectly infringed and continue to indirectly infringe one or more of claims 1-16 of the '133 Patent within this Judicial District without authority from Flowco by actively inducing direct infringement with knowledge of the '133 Patent and/or by contributing to the direct infringement of such patent.

12

86.     The infringement of the '133 Patent by Liberty Lift has been, and continues to be, deliberate, willful, and knowing.

87.     Flowco has been, and continues to be, damaged and irreparably harmed by Liberty Lift's infringement of the '133 Patent, which will continue unless the Court enjoins that infringement and for which there are no adequate remedies at law.

88.     Under 35 U.S.C. § 284, Flowco is entitled to recover damages adequate to compensate for Liberty Lift's infringement of the '133 Patent as well as treble damages for Liberty Lift's willful infringement.

89.     The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Flowco to recover its attorneys' fees for Liberty Lift's infringement of the '133 Patent.

90.     Pursuant to 35 U.S.C. § 287, Flowco's marking of its plunger products with notice of the '133 Patent constitutes constructive notice of the '133 Patent. Flowco's notice letters and pre-suit communications constitute actual notice to Liberty Lift of its infringement of the '133 Patent by at least September 5, 2024.

## COUNT THREE: INFRINGEMENT OF THE '189 PATENT

91.     Flowco restates and realleges the foregoing allegations as if fully stated herein.

92.     In violation of 35 U.S.C. § 271(a), Liberty Lift directly and continues to directly infringe, both literally and under the doctrine of equivalents, the '189 Patent by making, using, offering for sale, selling, and/or importing at least the following Dart Plunger and therefore infringes the subject matter in one or more claims of claims 1-20 of the '189 Patent within this Judicial District without authority from Flowco.

93.     In violation of 35 U.S.C. § 271(b) and (c) Liberty Lift has indirectly infringed and continue to indirectly infringe one or more of claims 1-20 of the '189 Patent within this Judicial

District without authority from Flowco by actively inducing direct infringement with knowledge of the '189 Patent and/or by contributing to the direct infringement of such patent.

94. The infringement of the '189 Patent by Liberty Lift has been, and continues to be, deliberate, willful, and knowing.

95. Flowco has been, and continues to be, damaged and irreparably harmed by Liberty Lift's infringement of the '189 Patent, which will continue unless the Court enjoins that infringement and for which there are no adequate remedies at law.

96. Under 35 U.S.C. § 284, Flowco is entitled to recover damages adequate to compensate for Liberty Lift's infringement of the '189 Patent as well as treble damages for Liberty Lift's willful infringement.

97. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Flowco to recover its attorneys' fees for Liberty Lift's infringement of the '189 Patent.

98. Pursuant to 35 U.S.C. § 287, Flowco's marking of its plunger products with notice of the '189 Patent constitutes constructive notice of the '189 Patent. Flowco's notice letters and pre-suit communications constitute actual notice to Liberty Lift of its infringement of the '189 Patent by at least September 5, 2024.

## COUNT FOUR: INFRINGEMENT OF THE '267 PATENT

99. Flowco restates and realleges the foregoing allegations as if fully stated herein.

100. In violation of 35 U.S.C. § 271(a), Liberty Lift directly and continues to directly infringe, both literally and under the doctrine of equivalents, the '267 Patent by making, using, offering for sale, selling, and/or importing at least the following Dart Plunger and therefore infringes the subject matter in one or more claims of claims 1-22 of the '267 Patent within this Judicial District without authority from Flowco.

14

101.     In violation of 35 U.S.C. § 271(b) and (c) Liberty Lift has indirectly infringed and continue to indirectly infringe one or more of claims 1-22 of the '267 Patent within this Judicial District without authority from Flowco by actively inducing direct infringement with knowledge of the '267 Patent and/or by contributing to the direct infringement of such patent.

102.     The infringement of the '267 Patent by Liberty Lift has been, and continues to be, deliberate, willful, and knowing.

103.     Flowco has been, and continues to be, damaged and irreparably harmed by Liberty Lift's infringement of the '267 Patent, which will continue unless the Court enjoins that infringement and for which there are no adequate remedies at law.

104.     Under 35 U.S.C. § 284, Flowco is entitled to recover damages adequate to compensate for Liberty Lift's infringement of the '267 Patent as well as treble damages for Liberty Lift's willful infringement.

105.     The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Flowco to recover its attorneys' fees for Liberty Lift's infringement of the '267 Patent.

106.     Pursuant to 35 U.S.C. § 287, Flowco's marking of its plunger products with notice of the '267 Patent constitutes constructive notice of the '267 Patent. The filing of this complaint constitutes actual notice to Liberty Lift of its infringement of the '267 Patent.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Flowco hereby demands a trial by jury on all issues triable to a jury.

**PRAYER FOR RELIEF**

WHEREFORE, Flowco respectfully requests that the Court grant the relief requested in the Prayer for Relief below:

A.      That Liberty Lift be adjudged to have infringed, contributed to and/or induced the infringement of one or more claims of the '785 Patent;

B.      That Liberty Lift be adjudged to have infringed, contributed to and/or induced the infringement of one or more claims of the '133 Patent;

C.      That Liberty Lift be adjudged to have infringed, contributed to and/or induced the infringement of one or more claims of the '189 Patent;

D.      That Liberty Lift be adjudged to have infringed, contributed to and/or induced the infringement of one or more claims of the '267 Patent;

E.      That Liberty Lift be adjudged to have engaged in willful infringement of the '785 Patent;

F.      That Liberty Lift be adjudged to have engaged in willful infringement of the '133 Patent;

G.      That Liberty Lift be adjudged to have engaged in willful infringement of the '189 Patent;

H.      That Liberty Lift be adjudged to have engaged in willful infringement of the '267 Patent;

I.      That Flowco be awarded damages for infringement of the '785 Patent, including damages adequate to compensate Flowco for Liberty Lift's past infringement of the '785 Patent including lost profits but not less than a reasonable royalty, and any continuing or future

16

infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those not presented at trial;

J.      That Flowco be awarded damages for infringement of the '133 Patent, including damages adequate to compensate Flowco for Liberty Lift's past infringement of the '133 Patent including lost profits but not less than a reasonable royalty, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those not presented at trial;

K.      That Flowco be awarded damages for infringement of the '189 Patent, including damages adequate to compensate Flowco for Liberty Lift's past infringement of the '189 Patent including lost profits but not less than a reasonable royalty, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those not presented at trial;

L.      That Flowco be awarded damages for infringement of the '267 Patent, including damages adequate to compensate Flowco for Liberty Lift's past infringement of the '267 Patent including lost profits but not less than a reasonable royalty, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those not presented at trial;

M.      That Liberty Lift pay an ongoing royalty in an amount to be determined for any continued infringement of the '785 Patent after the date the judgment is ordered;

N.      That Liberty Lift pay an ongoing royalty in an amount to be determined for any continued infringement of the '133 Patent after the date the judgment is ordered;

O.      That Liberty Lift pay an ongoing royalty in an amount to be determined for any continued infringement of the '189 Patent after the date the judgment is ordered;

P.      That Liberty Lift pay an ongoing royalty in an amount to be determined for any continued infringement of the '267 Patent after the date the judgment is ordered;

Q.      That Flowco's damages be trebled pursuant to 35 U.S.C. § 284;

R.      That this case be declared an exceptional case under 35 U.S.C. § 285;

S.      That Flowco be awarded its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

T.      That this Court permanently enjoin Liberty Lift, its officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all those who are in active concert or participation with Liberty Lift, or any of them, from further infringement of the Patents-in-Suit and that Liberty Lift be permanently enjoined from infringing the Patents-in-Suit and from making, using, selling, offering to sell, or distributing Liberty Lift's infringing plungers;

U.      That Flowco be awarded pre- and post-judgment interest on all damages;

V.      That Flowco be awarded all its costs and expenses in this action; and

W.      That Flowco be awarded such further and other relief as the Court may deem just and proper.

Dated: July 13, 2026

FISHERBROYLES, LLP

By: */s/ Trent D. Stephens*
Trent D. Stephens
State Bar No. 24008081
SDTX Bar No. 25030
2925 Richmond Ave., Ste. 1200
Houston, Texas 77098
(713) 425-3730
trent.stephens@fisherbroyles.com

**ATTORNEYS FOR PLAINTIFF
FLOWCO PRODUCTIONS LLC**